SUCCESSION OF RICHARD WINN—EMMA M. RICHARDSON and Husband, Appellants.

The relations of a minor, who, under arts. 290, 292 of the Civil Code, are bound to cause a tutor to be appointed to them, are authorized, and, perhaps, bound to oppose an appointment when illegally made.

The appointment of a tutor by a Court of Probates, can be set aside only by appeal, or by an action of nullity. Its legality cannot be inquired into collaterally.

Where a mother, who had been confirmed as the natural tutrix of her minor children, marries a second husband domiciliated in a different parish, though without having convened a family meeting to determine whether she shall be continued as tutrix, both herself and the minors will acquire immediately, by the very fact of the marriage, a domicil in the parish of the second husband. C. C. 48

In all cases concerning minors, the judge referred to is the judge of the parish within whose jurisdiction the minors reside, if residents of the State. Act 18 March, 1809, sec. 8.

The appointment of a tutor or curator to a minor, belongs to the Probate Judge of the domicil or usual place of residence of the father or mother of such minor, if either be alive. C. P. 944.

APPEAL from the Court of Probates of Rapides, *Waters*, J.

SIMON, J. This case is before us on an opposition by the widow of Richard Winn, deceased, now the wife of J. N. T. Richardson, and by her husband, to the appointment of the appellee, as tutor of the minor children of the deceased.

The facts of the case are these : Richard Winn, the father of the minors, died in the parish of Rapides, in October, 1840, leaving three minor children, the issue of his marriage with the opponent. The deceased left a large estate in the parish of Rapides, where his succession was opened. His widow was confirmed as natural tutrix in January, 1841, and on the 15th of the same month, an under-tutor was appointed by the Judge of Probates of the parish of Rapides. In March following, the opponent, E. M. Winn, went to the State of Tennessee to pass the summer, and for the avowed or alleged purpose of educating her children. Whilst there, she contracted a second marriage with James N. T. Richardson, a resident of the parish of Carroll in this State. This marriage took place on the 10th of August, 1841, without her having provoked a family meeting to retain the natural tutorship. In the following autumn, Richardson and his wife returned to

Louisiana, to their domicil in the parish of Carroll ; and in November, 1841, a family meeting was held in that parish, and an under-tutor having been appointed, Emma M. Richardson was, pursuant to the recommendation of the family meeting, appointed tutrix, and her husband co-tutor to R. Winn's minor children. Letters of tutorship were issued to them on the 19th of November, 1841.

On the 29th of the same month, the appellee made an application to the Court of Probates of the parish of Rapides, founded on the fact of the second marriage of R. Winn's widow, by which she was, *ipso facto*, deprived of the natural tutorship of her children, praying that the tutorship might be conferred upon him, as the grandfather of the minors. An opposition was made to this appointment by the appellants on various grounds, after the trial of which such proceedings were had as to submit the application to two successive family meetings, who finally recommended that the grandfather should be appointed tutor to the minors ; whereupon a judgment was rendered by the Probate Judge of the parish of Rapides, homologating the proceedings, and appointing W. H. Overton tutor of the minors. From this judgment the opponents have appealed.

*Dunbar*, for the appellants. The decision of the Probate Court of Carroll, can only be reversed by appeal or action of nullity. The parish of Carroll became the domicil of the tutrix and minors. Civ. Code, arts. 48, 268, 289. Code Pract. arts. 944, 950. B. & C.'s Dig. p. 580, sec. 8. 14 La. 478. The mother did not lose the tutorship, by her temporary absence from the State. 4 Mart. 715.

*O. N. Ogden*, contra. By omitting to convoke a family meeting, previous to her marriage, to decide whether she should continue to be the tutrix, the tutorship of the mother was, *ipso facto*, forfeited. Civ. Code, art. 272. The tutorship devolved upon the grandfather, by operation of law. Civ. Code, art. 281. 6 Mart. N. S. 455. 10 La. 541. The Probate Court of Carroll was without jurisdiction. The whole estate of the minors is in the parish of Rapides, where their father lived and died, and where their mother resided till her marriage. The Probate Court of Carroll had, clearly, no jurisdiction before this marriage. The marriage of the tutrix, contracted without the convocation of a family meet-

ing, could not divest the jurisdiction of the Probate Court of Rapides.

Simon, J.   Among the various grounds upon which the opposition of the appellants is founded, there is one to which our attention has been particularly called, and which, in our opinion, ought to prevail.   It is the objection made to the proceedings had before the Court of Probates of the parish of Rapides, on the ground that the court was without jurisdiction, and could not legally appoint a tutor to minors, whose domicil, it is contended, is in the parish of Carroll.   The conclusion we have come to on this point, will therefore preclude the necessity of our inquiring now into the various legal points arising from the pleadings and evidence, and which have been ably and strenuously argued and relied on by the counsel on both sides.

It is meet for us, however, to say, that, in considering the question of jurisdiction, on which this case, as it stands, is to be decided, we have abstained from examining into the validity and legality of the proceedings had in the parish of Carroll; and that we have given effect to the opposition made by the appellants, not because it was shown to us that they had been duly appointed tutrix and co-tutor, but for the reason that, under our laws, (Civ. Code, arts. 290, 292,) it is made the duty of the minors' relations to apply to the judge, to cause a tutor to be appointed to the minors who are unprovided with one.   We think that such relations are also authorized, and perhaps even bound by law to oppose the appointment of such tutor, if illegally made.   The appointment of the opponents by the judge of the parish of Carroll, is a judgment unappealed from, and against which no action of nullity appears to have been brought.   As such, it must stand and have its effect, until reversed by an appeal, or annulled and set aside by an action of nullity; and it being our opinion that we cannot inquire into it collaterally in this suit, we have thought proper to leave the questions arising therefrom, entirely open, for future adjustment, in case the same should ever be brought before us in a legal way.

By the 48th article of the Civil Code, it is enacted that a married woman has no other domicil than that of her husband; and that the domicil of minors is that of their father, mother, or tutor;

therefore, when the opponent, the widow of R. Winn, deceased, became the wife of Richardson, she acquired immediately, by the fact of the marriage, the domicil of her second husband, which was in the parish of Carroll; and her minor children, whose domicil is that of their mother, acquired also their domicil in the same parish. The fact which, perhaps, deprived her of the natural tutorship, had the immediate effect of transferring the domicil of the mother and children from the parish of Rapides to that of Carroll. Now, the law is positive that in all cases concerning minors, the judge referred to in our legislation, is *the judge of the parish within whose jurisdiction the minors reside.* Bullard & Curry's Digest, p. 580, No. 8. Civ. Code, art. 289. The Code of Practice, art. 944, says, that " the appointment of a tutor or curator to a minor belongs to the Judge of Probates of the place of domicil or usual residence of the father and mother of such minor, if they, or either of them, be living." This point is, in our opinion, so clear, that it does not require any further comment, particularly as it seems to have been settled in our jurisprudence by several decisions of this court. See 14 La. 484, and the cases of *The State* v. *The Judge of the Court of Probates of New Orleans*, 2 Robinson, 160, 418.

We conclude, therefore, that the appointment of the appellee as tutor to the opponent's minor children having been made by the judge of a parish in which the minors had for some time ceased to reside, was illegal and void for want of jurisdiction, and that it ought to be set aside.

It is therefore ordered, that the judgment appealed from be annulled; that the appellant's opposition be maintained on the ground of want of jurisdiction; and that the appointment of the appellee as tutor to the minor children of R. Winn, deceased, be set aside. The appellee paying the costs in both courts.