STATE OF LOUISIANA, on the relation of MRS. M. E. BOISSAC, *v.* A. PETIT, Recorder of the Parish of Iberville.

On the removal of a tutor from one parish to another, the Judge of the *new domicil* of the tutor is the one having jurisdiction over the affairs of the minor.

APPEAL from the Sixth District Court of East Baton Rouge, *Beale, J.*
*E. Phillips,* for plaintiff.    *Zenon Labauve,* for defendant and appellant.

MERRICK, C. J.    " On the 2d day of March, 1857, *Mrs. Boissac,* the plaintiff, assisted by her husband, *T. M. Boissac,* sold to *E. L. Sigur,* a plantation and slaves, situated in the parish of Iberville, and in the act of sale there was inserted the following clause : ' And here it is distinctly understood by the parties to this act, that as there exists a tacit mortgage on all the property of the present vendress in favor of her minor children, issue of her marriage with her first husband, *Robert Sewall,* deceased, the full amount of which tacit mortgage is not known at present. It is therefore agreed between the parties, that the five notes herein described, shall remain deposited in the hands of the Recorder of the Parish of Iberville, until the full amount of said tacit mortgage be legally known, and when known, a sufficient number of said notes amongst those that will be the last due, shall remain in the hands of said Recorder, until said tacit mortgage be duly cancelled.' "

" The plaintiff now claims the notes from the Recorder, upon the ground that the legal mortgage spoken of in the act of sale has been cancelled and released, and a special mortgage given in its stead. All the parties in interest have been made parties, and have appeared and filed their answers, to-wit : *E. L. Sigur* and *J. J. B. Kirk,* under-tutor to the minors."

" The answer of *Sigur* alleges that the proceedings had to give the special mortgage, and release the legal mortgage, were irregular and illegal from the commencement to the end, and that the tacit and legal mortgage is still in force in favor of the minors."

"*P. O. Hébert*, the under-tutor, being unable to discharge his duties in consequence of the removal of the minors to another parish, resigned his office, and *Mr. Kirk* was appointed in his place."

The removal of the tutrix was from the Parish of Iberville, in the Sixth Judicial District, to the Parish of Avoyelles, in the Thirteenth District. The resignation of the under-tutor was accepted and a new under-tutor appointed by the Judge of the Thirteenth Judicial District, the new domicil of the tutrix. Such proceedings were had in the Parish of Avoyelles and authorized the tutrix by a decree of the court to substitute a special mortgage in favor of her minor children in the place of the tacit mortgage. The special mortgage having been executed was also accepted and approved by a decree of the court, and the tacit mortgage cancelled.

*E. L. Sigur* has appealed.

He presents two questions for our consideration.

I. Whether the District Court for the Parish of Avoyelles had jurisdiction, and whether the proceedings are regular and legal and the tacit mortgage cancelled.

So far as the question of jurisdiction is concerned, we have to say, that the Judge of the Sixth Judicial District properly declined to receive the resignation of the former under-tutor. The Judge having jurisdiction over the domicil of the tutrix was the one having jurisdiction over the affairs of the minors, for their domicil is attendant upon that of their tutrix. The proceedings were conducted before the right Judge, as has been heretofore determined by this court in several decisions. See *State* v. *Bermudez*, 14 L. R. 484 : same v. *Judge of Probates of New Orleans*, 2 Rob. 418. *Succession of R. Winn*, 3 Rob. 303.

If there are any supposed irregularties in the proceedings of the family meeting and the decree of the court vitiating the same, it is the duty of the appellant to call them to our attention. As we find the District Court had jurisdiction, we shall presume that its proceedings were regular and obligatory, until we hear some specific objection made against them.

II. "*Louis A. Marchand* sold this plantation to the plaintiff the same day that he was appointed tutor to the minor *Babin*. Is not this property tacitly mortgaged in favor of said minor for an amount exceeding $2000, received afterwards by said tutor."

This suit is not brought against the vendee to recover judgment for the price of the purchase, but to obtain notes not yet due amounting to $22,500, deposited with the Recorder, and to be delivered up on a certain condition, which has happened.

If this be a case in which the vendee could require the vendor to give security under Art. 2535, C. C., we think he should at least be held to make his proof certain. As correctly observed by the District Judge, it is not shown that *Marchand* was appointed tutor before he passed the act of sale ; moreover, he may have ample means to pay off his ward.

Judgment affirmed.

LAND, J., absent.