The opinion of the Court was delivered by
Fenner, J.
The widow of Thos. W. Foley had duly qualified as natural tutrix of her minor children, in the parish of Assumption.
Subsequently, without convoking a family meeting as required by Art. 254, C. C., she contracted a second marriage with Thos. 0. Newman, and now resides with her said husband in Galveston, Texas, whereby, under the terms of said article, she was “ ipso fa*to deprived of the tutorship.”
She made application to the court a qua to be appointed tutrix, and, representing that she was unable to furnish bond or special mortgage and believed that no person was wiRingto give bond as tutor, she asked for a family meeting to advise as to her appointment without bond.
The family meeting was summoned, and recommended her appointment without bond as prayed for; but the Judge a quo refused to homologate the proceedings and rejected her application; and from those orders she prosecutes the present appeal. The action of the Judge was in accordance with law.
The domicil of the petitioner is clearly that of her husband, and the domicil of the minor is the same. R. C. C. 39 ; Sue. Winn, 3 Rob. 303; Sue. Lewis, 10 A. 789.
In the case of minors thus domiciled out of the State, such domicil is primarily the proper form for the appointment of their tutor or guardian, and the tutor or guardian so appointed is recognized by-our law as entitled to represent them, and to recover and control theix properfcy in this State. C. C. 363.
The petitioner does not claim to have such appointment from the courts of Texas, nor does any other person present such authority.
In the absence of such representative, the Judge of the parish where the non-resident minor’s principal estate is situated, has the right to appoint a tutor. C. C. 306; C. P. 946. In so doing, however, he must comply with the law.
*130 It is settled that the mother, who has re-married without convening a family meeting to continue her in the tutorship by nature, has absolutely forfeited her right of natural tutorship, which cannot be revived in her favor, and she cannot, thereafter, be appointed except as dative tutrix, and in accordance with the laws regulating dative tutorship. Webb vs. Webb, 5 A. 596 ; Minors Mossy, 3 Rob. 393; Sue. Puck, 9 A. 306.
We think it very clear the law does not, in any case, contemplate, the appointment of non-residents as dative tutors; but, however that may be, Art. 271, C. C., which is the only authority for appointing a dative tutor without bond, expressly makes it the duty of the Judge, with the advice of a family meeting, u to nominate a discreet and responsible person in the parish to be tutor, etc.” This can mean nothing but a resident of the parish ; and, the present applicant being-domiciled, as we have shown, in the State of Texas, it is clear her application was properly rejected.
Judgment affirmed at appellant’s costs.